[Sac. No. 1464.   Department Two.—July 23, 1907.]

CARRIE DAVIS, Respondent, v. SAM DAVIS, Appellant.

DIVORCE—ADULTERY—FINDINGS—EVIDENCE.—In an action by a wife against her husband for a divorce on the ground of his adultery, the evidence is held sufficient, when weighed in accordance with the probabilities, to warrant the trial court in finding the fact of adultery.

APPEAL from a judgment of the Superior Court of Placer County and from an order refusing a new trial. J. E. Prewett. Judge.

The facts are stated in the opinion of the court.

L. L. Chamberlain, for Appellant.

A. K. Robinson, for Respondent.

McFARLAND, J.—This is an action for a divorce brought by the wife against the husband upon the ground of the latter's adultery with a woman named Myrtle Hall. Defendant in his answer denies the adultery; but the court found as a fact that it was committed as alleged in the complaint, and rendered an interlocutory judgment declaring plaintiff entitled to a divorce. From the judgment and from an order denying a motion for a new trial defendant appeals.

The main contention made by the appellant, and the only one calling for special notice, is that the evidence was insufficient to support the finding of the court of the fact of adultery. But this contention is not maintainable; there was sufficient evidence to support the finding. For instance, it was proven without any conflict of evidence that at and about the time of the alleged adultery Myrtle Hall was a public prostitute; that she and defendant were socially very friendly and intimate; that part of the time appellant was confined in the county jail charged with a certain crime and during that time Myrtle Hall visited him frequently at the jail and took him meals and delicacies; that afterwards he was released from custody on bail, and then he and said woman were together frequently on the street, and frequently took their meals together at a certain restaurant. Furthermore, Myrtle Hall lived in a "little house opposite the house known as The Palace" upon a certain street in the city of Auburn; and there was testimony that he visited her in the said house, at least twice. In the face of the foregoing facts and testimony there is no ground for holding here that there was not substantial evidence to warrant the trial court in finding the fact of adultery. We cannot say that the finding was not in accordance with the weight of probabilities. It is true that appellant and the woman Hall testified that appellant did not go into the latter's house, although they admit that he went to the house and conversed with her at the door; but this only made a conflict of evidence which left the court the power and duty to determine where the truth was. Counsel for appellant says that the woman Hall was a witness for appellant in the matter of the criminal prosecution that was hanging over him and that this accounted for the apparent intimate relations between her and appellant; but it is to be presumed that the court considered this circumstance and gave it whatever weight it was entitled

to. No doubt, the court in weighing the probabilities attached much importance to the fact that she was a woman of unchaste character and conduct.

There are two or three exceptions to rulings made by the court on the admissibility of evidence; but in the first place we see no error in any of these rulings, and in the second place they do not involve matters of importance enough to justify a reversal, even if erroneous.

The judgment and order appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.